UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS JONES**                                         **CIVIL ACTION**

**VERSUS**                                               **NO: 14-1883**

**HARRAH'S JAZZ COMPANY, ET AL.**                        **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Manning Architect's Motion to Dismiss (R. Doc. 17).  For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff alleges that, on July 3, 2013, he fell while entering the Harrah's Hotel when he slipped on an uneven, glazed, and slippery surface in the door of the building and sustained an injury.  Initially, Plaintiff brought suit against only Jazz Casino Company, LLC.  On June 1, 2015, however, Plaintiff amended his Complaint to add claims against Manning Architects ("Manning") and Morrell Corrao Associates, the architects of Harrah's Hotel; and Woodward

1

Design and Build, the contractors of Harrah's Hotel.

Subsequently, Manning filed the instant Motion to Dismiss, alleging that Plaintiff's claims against it are perempted pursuant to Louisiana Revised Statute § 9:5607. Plaintiff has failed to oppose this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Accordingly, this Court has considered the merits of Manning's Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer

---

[1] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

[5] *Iqbal*, 556 U.S. at 667.

2

possibility" that the plaintiff's claims are true.[6]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[7]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

## LAW AND ANALYSIS

Manning alleges that Plaintiff's claims against it regarding the design of the Harrah's Hotel are perempted pursuant to Louisiana Revised Statutes § 9:5607.  "Louisiana Revised Statutes 9:5607(A) establishes a five year peremptive period for claims against professional architects."[9]  It states that:

> No action for damages against any . . . any professional architect, . . . whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest *within five years from*:
> (1) The date of registry in the mortgage office of acceptance of the work by owner; or
> (2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded;

---

[6] *Id.*

[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[8] *Lormand*, 565 F.3d at 255–57.

[9] *Boes Iron Works, Inc. v. M.D. Descant, Inc.*, 154 So. 3d 555, 559 (La. App. 1 Cir. 2014).

3

"The statute applies to all actions against an architect arising out of its services."[10] Under Louisiana law, "[p]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."[11] "Peremption may not be renounced, interrupted, or suspended."[12]

Manning has provided this Court with public records indicating that the owner accepted the work on Harrah's Hotel on October 5, 2006.[13] The owner's signature is dated November 29, 2006, and the Certificate of Substantial Completion was filed into the Recorder of Mortgages on December 6, 2015. Regardless of which of these dates is operative, all indicate that Plaintiff's claims against Manning are perempted. Pursuant to § 9:5607, peremption had run, at the latest, by December 6, 2011. Plaintiff filed suit against Manning on June 1, 2015. Accordingly, Plaintiff's claim was brought outside of the peremptive period and must be dismissed.

---

[10] *Id.*

[11] La. Civ. Code art. 3458.

[12] La. Civ. Code art. 3461.

[13] "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007).

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED.  All claims against Manning Architects are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this <u>7th</u>th day of October, 2015.

_____
 JANE TRICHE MILAZZO
   UNITED STATES DISTRICT JUDGE