UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1883** |
| **HARRAH'S JAZZ COMPANY, ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Woodward Design + Build, LLC's ("Woodward") Motion to Dismiss (R. Doc. 22).  For the following reasons, the Motion is GRANTED.  Accordingly, the oral argument on this Motion currently scheduled for November 10, 2015 is CANCELED.

### BACKGROUND

Plaintiff alleges that, on July 3, 2013, he fell while entering the Harrah's Hotel when he slipped on an uneven, glazed, and slippery surface in the door of the building and sustained an injury.  Initially, Plaintiff brought suit against only Jazz Casino Company, LLC.  On June 1, 2015, however, Plaintiff amended

1

his Complaint to add, among other things, construction defect claims against Woodward, whom he alleges was the contractor of Harrah's Hotel.

Subsequently, Woodward filed the instant Motion to Dismiss, alleging first that it was not the contractor of the Harrah's Hotel, and second, that Plaintiff's claims against it are perempted pursuant to Louisiana Revised Statute § 9:2772. Plaintiff has failed to oppose this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Accordingly, this Court has considered the merits of Woodward's Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true

---

[1] *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[7] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

## LAW AND ANALYSIS

Woodward first alleges that its claim should be dismissed because it was not a contractor on the Harrah's Hotel project. This Court declines to address this factual issue at this stage, however, because even if Woodward did serve as the contractor of the Harrah's Hotel, Plaintiff's claims against it are perempted. Louisiana Revised Statutes § 9:2772 establishes a five year peremptive period for claims against anyone furnishing the design or construction of an immovable. It states that:

> Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, *construction, design, or building immovable* or movable property which may include, without limitation, consultation, planning,

---

[5] *Iqbal*, 556 U.S. at 667.

[6] *Id.*

[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[8] *Lormand*, 565 F.3d at 255–57.

designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against . . . any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

(1)(a) *More than five years* after the date of registry in the mortgage office of acceptance of the work by owner.[9]

Under Louisiana law, "[p]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."[10] "Peremption may not be renounced, interrupted, or suspended."[11]

Woodward has provided this Court with public records indicating that the owner accepted the work on Harrah's Hotel on October 5, 2006.[12] The owner's signature is dated November 29, 2006, and the Certificate of Substantial Completion was filed into the Recorder of Mortgages on December 6, 2006. Regardless of which of these dates is operative, all indicate that Plaintiff's claims against Woodward are perempted. Pursuant to § 9:2772, peremption had run, at the latest, by December 6, 2011. Plaintiff filed suit against Woodward on June 1, 2015. Accordingly, Plaintiff's claim was brought outside of the

---

[9] La. Rev. Stat. Ann. 9:2772 (emphasis added).

[10] La. Civ. Code art. 3458.

[11] La. Civ. Code art. 3461.

[12] "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007).

peremptive period and must be dismissed.

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED. All claims against Woodward Design +Build, LLC are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 4th day of November, 2015.

_____
         JANE TRICHE MILAZZO
         UNITED STATES DISTRICT JUDGE